**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SEBASTIAN QUINTERO-HUERTA, | No. 10-73537 |
| Petitioner, | Agency No. A098-761-914 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 21, 2012[**]

Before: FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

Sebastian Quintero-Huerta, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his motion to suppress

evidence and his request to terminate proceedings. We have jurisdiction under 8

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1252. We review the denial of a motion to suppress de novo. *See United States v. Jones*, 286 F.3d 1146, 1150 (9th Cir. 2002). We deny the petition for review.

The BIA did not err in denying the motion to suppress. The exclusionary rule does not generally apply in immigration proceedings. *See INS v. Lopez-Mendoza*, 468 U.S. 1032, 1050-51 (1984). We have held, however, that it does bar the introduction of evidence obtained through "egregious violations" of the Fourth Amendment. *See Orhorhaghe v. INS*, 38 F.3d 488, 493 (9th Cir. 1994). An officer acts egregiously when he "committ[s] the violation deliberately or by conduct a reasonable officer should have known would violate the Constitution." *Id*. Quintero-Huerta does not contend that the officers here deliberately violated his Fourth Amendment rights. Nor should a reasonable officer have known that the Anacortes checkpoint was unconstitutional. *See United States v. Martinez-Fuerte*, 428 U.S. 543, 96 S.Ct. (1976). Thus, even if there was a violation, an issue we do not decide, the motion was properly denied.

The record does not support Quintero-Huerta's contention that the government violated either 8 C.F.R. § 287.8(b)(1) or INA § 287(a)(2). Furthermore, Quintero-Huerta admitted his unlawful presence prior to his arrest. *United States v. Calderon-Medina,* 591 F.2d 529, 531 (9th Cir. 1979) (A violation

2                                                                              10-73537

of an INS regulation invalidates a deportation proceeding only if "the regulation serves a purpose of benefit to the alien" and "the violation prejudiced interests of the alien which were protected by the regulation.").

**PETITION FOR REVIEW DENIED.**